J-A17002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| N.W.M. AND E.M., MINORS, THROUGH THEIR PARENTS AND NATURAL GUARDIANS, J.M., N.M., AND J.A.M. | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| v. | : : | |
| PATRICE LANGENBACH AND DEFENDER ASSOCIATION OF PHILADELPHIA | : : : : | |
| Appellees | : | No. 1532 EDA 2020 |

Appeal from the Order Entered July 8, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 200300399

BEFORE: McLAUGHLIN, J., KING, J., and PELLEGRINI, J.*

CONCURRING MEMORANDUM BY KING, J.:     **FILED FEBRUARY 1, 2022**

I join the majority disposition in full. I write separately, however, because I am persuaded by my colleague's position in the concurring and dissenting memorandum that this Court has previously addressed in the first instance whether judicial immunity and quasi-judicial immunity applies to certain individual officials carrying out or participating in judicial or quasi-judicial functions. Consequently, I do not think that it is beyond the purview of this Court to decide whether a guardian *ad litem* ("GAL") would enjoy such immunity. Nevertheless, I acknowledge the majority's reliance on ***Z.F.1 by***

_____

* Retired Senior Judge assigned to the Superior Court.

**and through Parent v. Bethanna**, 244 A.3d 482 (Pa.Super. 2020), in which

this Court stated:

> …[T]he Defender Association is asking us to establish a new immunity, which is not for us to do.  Although it contends we would not be creating new law, but rather extending existing principles, we disagree.  The Defender Association concedes that it has not cited any existing Pennsylvania statute, rule, or case law establishing that a guardian *ad litem* enjoys immunity.  It instead cites cases from other states and statements in a federal decision to make what are fundamentally policy arguments that we should extend immunity to it.
>
> But it is not the institutional role of the Superior Court to make such policy decisions.  Rather, the Superior Court is an error-correcting court and we leave policy questions to the Supreme Court and the General Assembly.  **Matter of M.P.**, 204 A.3d 976, 986 (Pa.Super. 2019).  "It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines."  **Id.**  To do as the Defender Association asks, rather than applying existing rules, we would have to import them into a novel context where they do not have obvious application.  We therefore decline the invitation to create an immunity for guardians *ad litem* and reject the Defender Association's first issue.

**Id.** at 494.  This Court considered the exact immunity issue we are now asked

to decide in **Z.F.1** and declined to create immunity for GALs in that case.  **See**

**id.**  We are bound by that decision.  **See Czimmer v. Janssen**

**Pharmaceuticals, Inc.**, 122 A.3d 1043, 1063 n.19 (Pa.Super. 2015)

(explaining it is beyond power of Superior Court panel to overrule prior

decision of Superior Court except in circumstances where intervening

authority by Supreme Court calls into question previous decision of this

Court).  Therefore, I concur with the majority's disposition.